UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA CONWAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:04CV569 FRB |
| | ) |
| RONALD A. BATTELLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Presently pending before the Court is plaintiffs' Motion to File First Amended Complaint (filed November 7, 2005/Docket No. 39). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On May 10, 2004, plaintiffs Linda Conway and Davis Michael Conway brought this action against various officers of the St. Louis County Police and members of the Board of Police Commissioners, alleging that their conduct relating to the death of their son, Jonathan Conway, violated various of their rights as protected by state and federal law. In the instant motion, plaintiffs seek to amend their Complaint to add defendant St. Louis County raising a claim of respondeat superior liability against the County. For the following reasons, plaintiffs' motion should be denied.

It is well settled that under Rule 15(a), Federal Rules

of Civil Procedure, leave to amend should be freely given when justice so requires. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994). However, where, as here, the course of the litigation is governed by the Court's Case Management Order (CMO) entered pursuant to Rule 16, Federal Rules of Civil Procedure, the granting of leave to amend the pleadings beyond the date set out in the CMO must be upon good cause shown. Rule 16(b), Federal Rules of Civil Procedure; In re Milk Prods. Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999); see also Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (case management orders are not to be taken lightly, and they will be enforced).

In this cause, the Court conducted a Rule 16 conference with counsel for the parties on August 25, 2004. On that same date, the Court entered its CMO pursuant to Rule 16 which set out the dates upon which certain matters in the cause were to be completed, including, but not limited to, the filing of motions to amend pleadings, the completion of discovery, and the filing of dispositive motions, including motions for summary judgment. The CMO also explicitly stated that the schedule would be modified "only upon a showing of exceptional circumstances[.]" Pursuant to the CMO, all motions to amend pleadings were to be filed not later than December 30, 2004. Discovery was to be completed not later than May 31, 2005, and dispositive motions were to be filed not later than August 1, 2005. At that time, trial was set in the

cause for January 9, 2006, and the matter currently remains on the Court's docket for that date.

Plaintiffs filed the instant motion to amend on November 7, 2005–nearly nineteen months after the filing of the original Complaint; ten months after the deadline imposed for filing motions to amend; and two months prior to the scheduled trial of the cause. At no time did plaintiffs request leave to extend the deadline for filing amended pleadings. Further, the record shows that defendants' Motion for Summary Judgment was filed July 29, 2005, and, upon the filing of plaintiffs' response and defendants' reply thereto, the matter was fully briefed on September 12, 2005, and submitted to the Court for determination. Finally, in accordance with the CMO entered August 25, 2004, the parties' pretrial compliance is due to filed with the Court not later than December 20, 2005.

Plaintiffs contend that they have only recently discovered authority for a theory of respondeat superior liability against St. Louis County, and specifically, that the reported case of Honeywell v. Village of Lakeside, 604 F. Supp. 932 (W.D. Mo. 1985), suggests such liability may be available. Plaintiffs contend that St. Louis County would not be prejudiced by their addition to the case inasmuch as St. Louis County has been privy to and "in control of the defense" of the instant lawsuit given the representation of the present defendants by the St. Louis County

Counselor's Office. Plaintiffs further contend that additional discovery would not be necessary for such a claim. Finally, while plaintiffs acknowledge the filing of defendants' Motion for Summary Judgment, they aver that because no ruling has yet been made on the motion, no party would be prejudiced if the Court were to permit the amendment of the pleadings at this stage of the proceedings. In light of the procedural posture of the case, however, as set out above, the Court disagrees.

Plaintiffs have wholly failed to demonstrate good cause for failing to timely seek leave to amend the pleadings. This lack of good cause is made evident by the plaintiffs' admission that their proposed First Amended Complaint is based upon reported authority published over twenty years ago which, plaintiffs contend, "suggests" a viable theory of recovery. Other than their assertion that the tort liability involved in the instant cause is complex, plaintiffs provide no reason why their failure to discover a case reported in 1985 should excuse their untimely amendment on the eve of trial. See Bradford, 249 F.3d at 809 (primary measure of "good cause" standard is moving party's diligence in attempting to meet CMO's requirements); see also Lemons v. St. Louis County, 222 F.3d 488, 496 (8th Cir. 2000). As noted by the Eighth Circuit, "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal

Rules of Civil Procedure." <u>In re Milk Prods.</u>, 195 F.3d at 437-38 (internal quotation marks and citation omitted).

In light of the foregoing, the undersigned determines that plaintiffs have failed to show good cause for their undue delay in seeking to amend their Complaint. Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to File First Amended Complaint (Docket No. 39) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _21st_  day of November, 2005.